UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 15-339 (1) |
| JOHN DAVID UPCHURCH,<br>Defendant. | § § § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Suzanne Elmilady, Assistant United States Attorney, and the defendant, **JOHN DAVID UPCHURCH** ("Defendant"), and Defendant's counsel, Shaun Clarke, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to **Count One** of the criminal information. Count One charges Defendant with Conspiracy to Commit Mail and Wire Fraud, in violation of Title 18, United States Code, Sections 371. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the criminal information, proved to a grand jury or jury, or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for Count One, a violation of Title 18, United States Code, Section 371, is imprisonment of not more than five (5) years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three (3) years. *See* Title 18, United States Code, sections 3559(a)(4) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of

supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(4) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### The United States' Agreements

5. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One of the criminal information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss the indictment at the time of sentencing;

(b)  At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(c)  If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense (if Defendant's offense level is 16 or greater).

### Agreement Binding - Southern District of Texas Only

6. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this plea agreement to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

7. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)  to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)  to set forth or dispute sentencing factors or facts material to sentencing;

(c)  to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)  to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

    (e)    to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

8. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

9. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

    (a)    If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

    (b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront

4

those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

10. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the criminal information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Houston-based Quintana Capital Group created Chase Power Development ("Chase Power") in 2008 in order to work on a power project in Corpus Christi, Texas. **JOHN DAVID UPCHURCH ("UPCHURCH")**, residing in Spring, Texas at the time, and KATHLEEN ERBAR SMITH ("SMITH"), residing in Katy, Texas at the time, were hired as CEO and President of Chase Power, respectively, and were placed in charge of pursuing the Corpus Christi project and other power generation projects in Texas and the Gulf Coast Region. Chase Power's offices were located in Houston, Texas.

From on or about July of 2008 continuing to on or about June of 2012, **UPCHURCH** and SMITH conspired together in a scheme to defraud Chase Power. Specifically, **UPCHURCH** and SMITH fraudulently obtained payments and reimbursements from Chase Power for goods and services purchased for their own personal benefits by submitting false invoices and fabricated expense reports in order to deceive Chase Power into believing that the goods and

5

services were procured in connection with their employment by Chase Power, when in fact they were not. **UPCHURCH** and SMITH directed Chase Power accountants to issue company checks based on fraudulent invoices and information they submitted; these checks were then mailed via the United States Postal Service or private commercial carrier to pay for the unauthorized expenses. For example, on December 27, 2011, **UPCHURCH** signed Chase Power check #2034 and mailed this check to Longleaf Plantation in Purvis, Mississippi in the amount of $19,000. In order to get the check approved, **UPCHURCH** created and submitted a false invoice to Chase Power's accountant describing the "Longleaf" bill as "Consulting Fees" from "Longleaf Consulting," when in fact it was the remaining balance owed for an unauthorized hunting trip at Longleaf Plantation located in Purvis, Mississippi.

    **UPCHURCH** and SMITH would also use their Chase Power American Express ("AMEX") credit cards to make personal and unauthorized purchases, including but not limited to, hotels, country club memberships, automotive parts, and fishing equipment. **UPCHURCH** and SMITH then submitted these personal AMEX expenses to Chase Power for reimbursements to which they were not entitled. By doing so, this caused the interstate electronic payment of Chase Power Company funds to be made to the American Express payment processing headquarters located in Arizona. An example of an illegitimate purchase made by **UPCHURCH** was a $5,124.70 American Express charge at Countryside Trailer, in Spring, Texas, in which **UPCHURCH** purchased a trailer for his own personal use on or about March 7, 2011. Defendant **UPCHURCH** agrees that the total loss attributed to this conspiracy is at least $450,000.

### Breach of Plea Agreement

11. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution

12. The parties do not agree on the exact dollar amount of the loss to the victim from the Defendants' criminal conduct in this case. The parties do agree, however, that the Defendants have previously repaid to the victim the full amount of the victim's loss in the criminal case.

### Complete Agreement

13. This written plea agreement, consisting of 9 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

14. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at \_\_\_\_Humbr\_\_\_\_, Texas, on \_\_\_\_January 6\_\_\_\_, 2017.

_____
JOHN DAVID UPCHURCH
Defendant

Subscribed and sworn to before me on \_\_\_\_January 6\_\_\_\_, 2017.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
United States Attorney

By: _____     _____
Suzanne Elmilady                      Shaun Clarke
Assistant United States Attorney       Attorney for Defendant
Southern District of Texas

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 15-339 (1) |
| JOHN DAVID UPCHURCH,<br>    Defendant. | § § § | |

PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____   Date  1/6/17
Shaun Clarke
Attorney for Defendant


I have consulted with my attorney and fully understand all my rights with respect to the information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____   Date  1/6/17
JOHN DAVID UPCHURCH
Defendant

9